UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE PAINTERS INSURANCE
FUND, TRUSTEES OF MICHIGAN STATE
PAINTERS INSURANCE FUND, PAINTERS
UNION LOCAL NO. 1052 PENSION TRUST
FUND, TRUSTEES OF PAINTERS UNION
LOCAL NO. 1052 PENSION TRUST FUND,
and INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES, DISTRICT COUNCIL
1M,

        Plaintiffs,

v.

BONDHARD, L.L.C. and AUGUSTINE J.
ARREGUIN aka AJ ARREGUIN,

        Defendants.
_____/

Case No. 1:23-cv-1191

Hon. Jane M. Beckering

## DEFAULT JUDGMENT

Plaintiffs having filed their Motion for Default Judgment against BondHard, L.L.C. and Augustine J. Arreguin ("Defendants"), and it appearing appropriate to grant such motion and issue a Default Judgment pursuant to consent of Defendants,

IT IS HEREBY ORDERED that:

    1. Plaintiffs' Motion for Default Judgment is granted and all allegations in Plaintiffs' Complaint are deemed admitted as to Defendants.

      2.  Defendants maintain joint and several liability to pay Plaintiffs the following:

      a.  The sum of $19,225.70, consisting of $11,157.16 in fringe benefit contributions disclosed in a March 17, 2023 audit billing covering work performed from October 2019 through June 2021, $2,171.31 in liquidated damages on the audit-disclosed delinquencies, $232.91 in liquidated damages arising from untimely payments of fringe benefit contributions, $3,808.29 in interest on unpaid fringe benefit contributions as of this date, $340.75 in audit fees, and $1,357.25 in attorney's fees and $542.79 in expenses as of December 31, 2023.

      b.  All other fringe benefit contributions and liquidated damages arising from work performed by employees of BondHard from July 2021 onward that are determined to be owing as a result of completion of an audit of BondHard's books and records or through other means.

      c.  All other attorney's fees and costs incurred by Plaintiffs in connection with pursuing money owing by Defendants to Plaintiffs in any manner, whether incurred before or after judgment.

      d.  Liquidated damages and interest on fringe benefit contributions determined to be owing from the dates they became or become due, interest on liquidated damages determined to be owing from the dates such fringe benefit contributions became or become due and interest on attorney's fees and costs from the dates they are incurred by Plaintiffs, with liquidated damages at a flat rate of twenty percent of contributions and interest accrued at annual rates of six percent above the rates used by the Internal

Revenue Service for underpayments, with liquidated damages and interest at rates used by the Fund in accordance with 29 U. S. C. § 1132(g)(2)(B) and (C).

      3.    If Defendants pay Plaintiffs $5,000.00 by February 15, 2024 and four payments of $2,610.00 each by the fifteenth day of each month from March through June 2024, such payments will fully satisfy Defendants' obligations to Plaintiffs for the indebtedness stated above in Section 2(a), with Plaintiffs waiving their right to recover additional attorney's fees, costs and interest with respect to such indebtedness.

      4.    Every payment to Plaintiffs under this judgment shall be made in the form of a check payable to the "Jeffrey M. Lesser, P. C. Client Trust Account" and mailed or delivered to the office of Plaintiffs' attorney Jeffrey M. Lesser at 30300 Northwestern Highway, Suite 320, Farmington Hills, Michigan 48334, with date of receipt constituting the date of payment and time of the essence.

      5.    Defendants and any entity succeeding or acting as an alter ego of any Defendant shall ensure that BondHard files timely and accurate contribution reports with Plaintiffs, pays fringe benefit contributions in a timely manner and otherwise complies with its obligations to Plaintiffs as set forth in any agreement requiring payment of contributions or other participation with Plaintiffs and the trust agreements governing Plaintiffs, during all periods through the present and in the future in which any Defendant is obligated to file reports and pay contributions to Plaintiffs.

      6.    In any supplementary proceeding to enforce this judgment Plaintiffs may state a sum certain owing to include outstanding fringe benefit contributions, and liquidated damages, attorney's fees, costs and interest incurred up to the date of such

supplementary proceeding, certified through signature of Plaintiffs' counsel without further motion to the Court, subject to Defendants' right to request a hearing regarding any dispute.

      7.  Future documents in this case shall be served on the parties by electronic mail to Plaintiffs at lesser@jeffreymlesser.com and to Defendants at aj@bondhard.com, unless the parties consent in writing to another electronic or physical address.

Dated:   February 8, 2024              /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge